WASHBURN-CROSBY COMPANY, Respondent, vs. ANTIN, Appellant.

*May 10—June 6, 1922.*

*Sales: Refusal to accept goods: Resale within reasonable time: Refusal on ground of invalid contract.*

1. Testimony by defendant that delivery of flour sold to him on September 3, 1920, was tendered about two months before February 11, 1921, without more definite evidence fixing the date of tender, does not show that the resale by plaintiff on November 18, 1920, was not within a reasonable time after the refusal by defendant to accept delivery, so that he cannot claim he is liable only for the difference between the contract price and the market price on November 1st, especially where the contract of sale gave the seller six months within which to resell the goods after their rejection by the buyer.
2. Where the buyer absolutely refused to accept goods when they were tendered to him, claiming that the contract was procured by fraud and was not binding, he waived the option, if he had it under the contract, of ordering delivery at a later time, and the seller was not required to make another tender at the later date.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action begun in the civil court of Milwaukee county to recover damages sustained by the breach of a contract for the sale of fifty barrels of flour entered into September 3, 1920. The important parts of the contract affecting questions raised by the parties on the appeal are as follows:

"Time of shipment or delivery within January 1, 1921, or before. . . . It is understood that there are no conditions, representations, or warranties, verbal or otherwise, except as herein stated. . . . If the buyer shall refuse to accept any shipment or delivery hereunder or fail to order out purchases within the original or extended contract time or to perform any of the terms of this agreement, then the seller may at its option and without further notice either (a) cancel this contract, (b) sell for the buyer's account all the goods not delivered, and the buyer shall then pay the seller on demand any loss occurring from such sale and all accrued carrying and selling charges, such sale to be at any time within six months after such refusal or failure of the buyer. . . . No assignment or cancellation of this contract or variation in its terms shall be valid unless signed by the agent of the seller duly authorized so to do in writing. Salesmen have no such authority."

The defendant refused to receive the flour under the contract. Delivery thereof was offered to him some time in November, 1920. On November 18th the flour was resold at $10 per barrel, that being the market price at Milwaukee on that day. The contract price was $13.25; cartage $10; storage $4. The total damage was $176.50. Previous to the attempted delivery of the flour the defendant gave plaintiff's agent an assortment of sacks in which the order was to be shipped.

The answer of the defendant contained a general denial and attempted to set up fraud in the securing of the contract. The civil court sustained a demurrer *ore tenus* to the answer and gave judgment for plaintiff for the amount of damages sustained, namely, $176.50. From a judgment of the civil court the defendant appealed.

For the appellant there was a brief by *Stern & Hersh* of Milwaukee, and oral argument by *Emil Hersh.*

For the respondent there was a brief by *Stover & Stover* of Milwaukee, and oral argument by *Henry B. Stover.*

VINJE, C. J.   The defendant was called for adverse examination under the statute and admitted that he signed the contract sued upon, so his testimony disposes of the general denial of the answer in so far as it denies execution of the contract.

There is some uncertainty as to the exact date delivery of the flour was tendered, and defendant's counsel make a point upon it by claiming the date of tendered delivery was November 1, 1920, and the flour was not resold till November 18, 1920, therefore there was an unreasonable delay and defendant should not be charged with the difference between the contract price and the market price on November 18th, but between the contract price and the market price the day he refused to receive the flour, or November 1st, and there is no evidence as to the market price of flour on that date.   There are two answers to this contention. Defendant testified in the trial court on February 11, 1921, and then stated that delivery was tendered about two months ago.   It was before January 1, 1921.   So the date of the tendered delivery cannot be fixed as of November 1st.   All the evidence shows is that it was some time in November before the 18th, when it was resold.   Plaintiff's evidence showed that it was necessary to keep the flour in a warehouse some time before it could be resold and hence the charge of $4 for storage.   Plaintiff was only charged with the exercise of reasonable diligence in effecting a resale. It is not shown that such diligence was not exercised.   But the contract set out in the statement of facts shows that the seller had six months within which to make a resale if the buyer refused to receive the flour and charge the loss in price, and the accrued carrying and selling charges, up

to the buyer.    Here the flour was at best kept only a part of a month.

It is further contended that the contract gave the buyer the option to refuse any flour whose delivery was tendered before January 1, 1921.    The trial court held the option was with the seller to tender delivery at any time between the date of the contract and January 1, 1921.    It does not under the evidence become necessary to determine the question as to who had the option to deliver or receive, because the defendant refused to receive the flour because he had no contract for any flour and not because it was prematurely delivered.    He denied the existence of a valid contract and refused delivery on that ground—not on the ground that the flour was not due then.    He breached the contract completely, claiming there was none.    So plaintiff was under no obligation to tender delivery later.    The rights of the parties became fixed upon its breach.    Defendant declared he had no contract with plaintiff and stood upon that ground—not upon the ground of a premature delivery. In this he was wrong and must suffer the consequences provided for in the contract.

*By the Court.*—Judgment affirmed.